No. 3697.

LOUIS ROCKENBACK vs. MRS. EUGENIA LALMANT, WIFE OF CONRAD LINDER.

Appeal from Civil District Court, Division "A."

O. H. Long and E. N. Whittemore, for Plaintiff and Appellee.

Theo. Cotonio, for Defendant and Appellant.

1. In matters where fraud is charged, the conclusion of fact of the trial judge who saw and heard the witnesses are entitled to great weight.

2. In proceeding *via executiva* the creditor must bring himself within the letter of the law, and where a discrepancy exists between the note and the act of mortgage by which it is secured, the holder cannot proceed by executory process.

DUFOUR, J. The defendant appeals from two judgments:

1st. One dissolving an injunction against a writ of seizure and sale;

2nd. The other, the order under which executory process issued.

I.

The grounds for injunction were want of consideration, error and fraud in signing the note.

They are shown to be absolutely without foundation; the defendant denies receiving the money, but admits that it was obtained for Theard, her brother-in-law, since deceased. Rockenback says he gave her a check and some cash, though, after diligent search, he failed to find it. Mr. Long, plaintiff's attorney, saw the check when Rockenback went to the bank with defendant and Theard. All the witnesses agree that she signed the act voluntarily and without persuasion on the part of any one. That plaintiff sometimes did business under another name means nothing; he is

holder of the note, and she will be protected by payment to him.

Under such circumstances involving charges of fraud, we give great weight to the conclusions of fact of our careful brother of the District Court, and sustain his ruling dissolving the injunction.

## II.

The validity of the order is questioned on the ground that the note does not state from what time the interest shall begin to run, and the act of mortgage describes the note as bearing interest from date.

The debt evidenced by the note is due one year after date, and under our statutes all debts, unless otherwise agreed, bear interest from the time that they are due. It is clear, therefore, that on the face of the note interest is due from maturity, while the act of mortgage describes the note as bearing interest from date.

There is discrepancy between the two, which requires verbal explanation, as it cannot be claimed that the act governs the note or the note the act; they must, to be of authentic value, coincide on the face of the papers.

This case falls within the operation of Ricks vs. Bernstein, 19 An. 141, in which the Supreme Court said:

"The plaintiff in injunction stayed proceedings under the executory process sued out against him by the defendant.

"The ground urged for the injunction was, that there was a discrepancy between the note sued on and the one described in the authentic act of mortgage, upon which the order of seizure and sale was granted, in this, that the first bore interest at eight per cent. from its date, whilst the one described only bore that rate of interest from its maturity, and that there was no identity between the note and the act. This is evident. But the Court below, although satisfied that the note did not correspond with the act, and upon the admission of the plaintiff, remitted one year's interest, yet dissolved the injunction, with ten per cent. damages on the amount enjoined.

"It is probable that there was an error in the drawing of the note; but in a proceeding *via executiva*, nothing can be left to conjecture. (1 Hen. Dig., p. 646, Sec. 1.)

"Every fact must be patent upon the face of the papers, and if there is any matter in *pais*, some other proceeding than one *via executiva* must be resorted to, to prove it. In the present case there is a want of identity between the note annexed to the petition and that described in the authentic act; and the judge erred in granting the order."

(See also Hen. Dig. 646; 21 An. 170; 24 An. 477; 36 An. 265; 37 An. 647.)

The judgment dissolving the injunction is affirmed at the cost of plaintiff in injunction in the lower Court, and the judgment ordering executory process to issue is reversed at plaintiff's cost in the lower Court, without prejudice to his right to enforce his claim and mortgage according to law, appellee to pay costs of appeal.

May 15th, 1905.

## On Application for Rehearing.

An injunction will not lie to restrain executory process for want of authentic evidence, and the proper remedy in such a case is by appeal from the order of seizure and sale.

DUFOUR, J. In his application for rehearing counsel for defendant says:

"The Court, in the opinion, says: 'That grounds for injunction were want of consideration, error and fraud in signing the note.'"

Whilst it is true that the grounds for injunction were as stated above, they were not the only grounds. The injunction was also asked on the additional ground—that the writ for executory process had issued for more than was due.

Here is the allegation in the petition which we refer to:

"Petitioner further represents that as per demand notice issued in these proceedings, payment is demanded of petitioner of the sum of two hundred dollars with interest thereon from October 1st, 1903, and petitioner avers that it is not true that the note which petitioner signed bore any interest from said date, October 1st, 1903.

"And petitioner finally avers that it is necessary that a writ of injunction issue herein."

On this additional ground was the injunction also asked. And that an injunction on this ground was proper, was held in the case of Ricks vs. Bernstein, 19 An. 141, which this Court has affirmed."

In that case no objection appears to have been made to the form of procedure, but in Chaffe vs. Dubose, 36 An. 257, where such objection was made, the Court held that an injunction will not lie to restrain executory process for want of authentic evidence, and that the proper remedy in such a case is by appeal from the order of seizure and sale.

In respect to the plaintiff's complaint, we adhere to the view that the act does not warrant executory process, for the reasons originally assigned. Rehearing refused.

May 29th, 1905.

Writ refused by Supreme Court, June 19th, 1905.